## No. 7064.

### M. DOWLING, CURATOR, vs. H. GALLY.

Defendant was a member of a planting partnership, to which he made advances for the raising of a crop on a plantation belonging to the co-partners. The other partner died during the partnership: Plaintiff was appointed Curator of his estate and was authorized by the Probate Court to continue the cultivation of the plantation. To this Curator Defendant rendered an account of his advances and sale of the crop, and paid over one-half of the nett profits. The Curator accepted the account and received the money; but subsequently claimed one-half of the gross proceeds of the crop, in order to distribute the same under order of the Probate Court, and pay defendant ratably as a creditor of the estate. *Held* that the Curator was concluded by his acceptance of Defendant's account and receipt of the money, and that the settlement between them was final.

APPEAL from the Fifth District Court for the parish of Orleans. *Rogers*, J.

---

*T. A. Flanagan* for Plaintiff and Appellant.

*Chs. E. Schmidt* for Defendant and Appellee:

First—The joint ownership of real estate does not create a partnership as to the same. A special contract in writing is necessary for that purpose. C. C. 2836; 4 An. 217.

Second—But a planting or agricultural partnership between such joint owners as to the cultivation of the land, may be established by parol. 25 An. 593; 4 An. 217.

Third—The partnership, whether particular or commercial, is a juridical person, distinct from the members who compose it. 3 An. 322; 14 An. 108.

Fourth—The partnership property is liable to the creditors of the partnership in preference to those of the individual partner. C. C. 2823. And it is incumbent upon him who alleges the loss of this privilege by a partnership creditor, to establish clearly how the right has been lost. 12 An. 698.

Fifth—The curator of a succession of a deceased partner cannot claim the right of taking the whole or a portion of the property or assets of the partnership, to be administered upon exclusively by him. He can only subject to his exclusive administration the share of his intestate in the residuum left after the payment of the debts of the partnership.

Sixth—When, after the sale of the partnership property, the surviving partner and only creditor of the partnership, renders to said curator a full account of the sale of the partnership property and of the debts due, showing the net balance or residuum coming to the partners, and after deliberate examination thereof, he takes and receipts for the balance thus shown to be due the estate he represents, he is concluded thereby, unless he both alleges and proves fraud or error of fact in such settlement. 29 An. 352; 12 An. 360; 12 An. 22; 9 R. 121.

Seventh—Registry of privileges is unnecessary to affect the parties to contracts or their representatives. It is required only as against third persons. 15 An. 51; 2 An. 174.

Eighth—The factor and commission merchant of an agricultural partnership, has, as its mandatory, the right to retain out of the property of the principal in his hands, a sufficient amount to satisfy his expenses and costs. C. C. 3023; 16 An. 398; 10 An. 48; 3 An. 98. This is a higher right than a mere privilege, it is a right of pledge. 16 An. 398.

The opinion of the Court was delivered by

Poché, J. E. M. Villiers, at the time of his death, in August, 1867, owned in common with H. Gally, the defendant herein, a sugar plantation in the parish of Lafourche, and was an ordinary partner with defendant for the cultivation of the plantation, the labor of which was under the control and management of Villiers, and the financial administration of which was entrusted to Gally, the co-owner, who was a commission merchant in this city, and, as such, made all the advances of money and supplies necessary to the proper cultivation of the plantation.

Dowling, the plaintiff, who had been appointed curator of the vacant succession of Villiers, was authorized and empowered by a decree of the Probate Court of Lafourche, to continue for the year 1876 the cultivation of said plantation without change or interruption.

The entire crop of sugar and molasses for that year was shipped and consigned to defendant Gally, who sold the same as the factor and commission merchant of the partnership.

The gross proceeds realized from the crop was $22,190 59, and the costs for making the same, including commissions, expenses of sales and interests on advances made by defendant, amounted to $15,700 95, leaving a clear profit of $6489 64, one-half of which was paid over by Gally to plaintiff curator.

The object of the present suit is to compel Gally to pay over to the curator the one-half of the gross proceeds of the crop, with a view to distribute the same pro rata among the creditors of the succession, which is insolvent. Jules A. Blanc, a creditor of the succession, intervened in

the suit and joined plaintiff in his prayer. The case was tried by a special jury of merchants, whose verdict was against plaintiff and intervenor, and they have appealed. A proper solution of the questions involved in this controversy requires a clear definition and a correct understanding of the relative positions of the parties to each other.

It cannot be contested, and is, in fact, conceded, that the partnership of Gally & Villiers was a juridical being, as distinct from Villiers and Gally as the one was from the other. Hence, Gally, as commission merchant, became the privileged creditor of the partnership for all necessary advances, which he made for the use and cultivation of the plantation, and, therefore, as agent of said firm, he was fully authorized and justified in law, to retain any funds of the firm in his hands, in payment of his claim against the firm.

This point is conceded by plaintiff, who admits that all items of defendant's account up to the death of Villiers, were properly compensated by defendant by so much of the proceeds of the crop as was necessary thereto. But he urges that the advances made subsequently, under the order of the Probate Court, were charges against the succession, which could not be collected by defendant in the manner proposed, but could be settled only in due course of administration.

Defendant's answer to this proposition, is a settlement made with plaintiff as curator, as evidenced by the following receipt:

"Received, New Orleans, January 25th, 1877, from H. Gally, Esq., the sum of three thousand two hundred and nine 70-100 dollars for *amount of account rendered* for crop made on Melodio plantation, Bayou Lafourche, for the year 1876.

$3209 70.                                        M. DOWLING,

Curator Estate E. M. Villiers."

It is shown by the evidence that this receipt was predicated upon a full account furnished to the curator by Gally, who therein accounted for the proceeds of the crop, and accompanied with a full and detailed statement of his advances during the year, showing the profits of the enterprise to be double the amount which he paid over to the curator, as the share of the succession.

The evidence shows also that Gally was the only creditor of the planting partnership, or of the succession, on account, of the planting operations carried on for its account under the authority of the Probate Court. It, therefore, follows that, as the only creditor in the premises, and the debt having been contracted under the authority of the court, the privilege of Gally on the crop of 1876 was not required to be registered as between the parties, and that to compel him to turn over the half of the proceeds of that crop to the curator, who would have been compelled in law to immediately apply the same to the liquidation of

Gally's privileged account, would have been an idle and useless cere-
mony, to obviate which the law authorizes the system of compensation.

Under the authority of the case of 29 An. 350, Haile vs. McGhee,
Snowden & Violet, the curator, plaintiff herein, was concluded by the
receipt which he gave, after a full examination of Gally's account, and
without objecting to any thing therein charged. In a supplemental peti-
tion which he was allowed to present, he charges errors in the account,
and although he specified no particular error, he was allowed to intro-
duce proof in support of the alleged errors. A careful scrutiny of the
evidence on this point satisfies us of the correctness of Gally's account,
and that it was protected by the privilege recognized by law.

It is, therefore, ordered, adjudged and decreed that the judgment
of the lower court be affirmed with costs.